08-5080-pr
Booker v. Doe

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3ʳᵈ day of March, two thousand ten.

PRESENT:

> José A. Cabranes,
> Barrington D. Parker,
> > *Circuit Judges*,
> Evan J. Wallach,
> > *Judge.*[*]

---

Amin Booker,

> *Plaintiff-Appellant*,

v.                                                                08-5080-pr

John Doe, Medical Provider # 261; John Doe, Medical Provider #123; M.D. Pang Kooi; Genny Androsko, R.N.; Bill Robertson, Administrative Nurse, Auburn Correctional Facility; Lester Wright, Associate Commissioner of Health Services for DOCS,

> *Defendants-Appellees.*

---

| | |
|---|---|
| **FOR APPELLANT:** | Amin Booker, *pro se*, Comstock, New York. |
| **FOR APPELLEES:** | Frank Brady, Assistant Solicitor General (Andrew Cuomo, Attorney General of the State of New York; Barbara D. Underwood, Solicitor General; Nancy A. Spiegel, Senior Solicitor General *of counsel*), Albany, New York. |

---

[*] The Honorable Evan J. Wallach, of the United States Court of International Trade, sitting by designation.

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Plaintiff-appellant Amin Booker, *pro se*, moves for appointment of counsel and appeals from the September 30, 2008 judgment of the District Court granting summary judgment to defendants, employees of the New York State Department of Correctional Services, and dismissing Booker's complaint alleging violations of 42 U.S.C. § 1983. Booker alleged that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. On appeal, Booker argues that there are material facts that support a finding that the defendants violated his constitutional rights. We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we note that Booker does not challenge on appeal the District Court's dismissal of his claims against the John Doe defendants and Bill Robertson. Accordingly, we consider these arguments waived. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

We review a district court's decision to grant summary judgment *de novo*, "drawing all factual inferences in favor of the non-moving party." *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c)(2). "[C]onclusory statements or mere allegations," however, are insufficient to defeat a summary judgment motion. *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002).

We have considered Booker's argument and find it to be without merit. Substantially for the reasons stated in the District Court's thorough and well-reasoned memorandum decision and order, we affirm the September 30, 2008 judgment of the District Court.

Accordingly, the judgment of the District Court is **AFFIRMED**. Booker's pending motion for appointment of counsel is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk